AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
RICHARD EARL CALLINS, JR.
LLOYD GREG NICHOLAS

*Defendant(s)*

Case No. 8:15 MJ 1685 AEP

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of 09/10/2015 to 10/08/2015 in the county of Hillsborough in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21:846 | Conspiracy to distribute cocaine. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Morris B. Moody, Jr., Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/9/15

[signature]
*Judge's signature*

City and state: Tampa, Florida

ANTHONY E. PORCELLI, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Morris B. Moody Jr., being duly sworn, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration (DEA), currently assigned to the Tampa District Office. I have been employed by the DEA since June 1991, and as such a federal law enforcement officer for over 24 years. During this time, I have participated in criminal investigations involving local, national, and international drug trafficking organizations. I have worked with other federal, state, and local agencies in conducting these investigations. In connection with my official DEA duties, I investigate criminal violations of federal laws, including but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848 (drug trafficking offenses), Title 21 United States Code, Sections 960 and 963 (drug importation and exportation offenses), Title 18, United States Code, Sections 1956 and 1957 (money laundering offenses), and Title 18, United States Code, Sections 922 and 924 (firearms violations). During my tenure with the DEA, I have received specialized training in the enforcement of laws regarding controlled substances, as found in Title 21 of the United States Code. I have completed DEA basic and advanced agent training at the FBI /DEA Academy(s), which included training in advanced techniques such as undercover operations and Title III wiretaps. I have received specialized training in the investigation of narcotic related crimes to include, illegal drug smuggling and distribution investigations. As a Special Agent, I have participated in numerous investigations involving drug trafficking offenses including cocaine, methamphetamine, marijuana, and heroin. I have conducted or participated in surveillance, undercover operations, execution of search warrants, arrests, debriefings of Confidential Sources (informants) and reviews of taped conversations. I have participated in the investigation of complex drug conspiracies, and other stages of illegal narcotics distribution, including investigations *relating to the*

distribution and the sale of controlled substances such as cocaine. As such, I am familiar with the methods, routines and practices of narcotics traffickers, as well as the appearance and characteristics of controlled substances and the methods in which they are used, packaged for sale, and distributed.

2. This Affidavit is submitted for the limited purpose of establishing probable cause for the arrest of Lloyd Greg NICHOLAS and Richard Earl CALLINS, JR, for conspiracy to distribute cocaine, in violation of Title 21, United State Code, Section 846. It does not set forth all facts known to your Affiant or other law enforcement personnel involved in this investigation. The statements contained herein are made on the basis of firsthand knowledge and information obtained from other law enforcement officers.

3. During August 2015, agents of the DEA began an investigation into the drug trafficking activities of Richard Earl CALLINS Jr., and Lloyd Greg NICHOLAS. On August 27, 2015, a DEA Confidential Source (CS) received a telephone call from NICHOLAS from telephone (941) 580-2069. During the phone conversation, NICHOLAS asked the CS what product the CS was still moving. The CS said the "same," referring to cocaine. The CS told agents that NICHOLAS wanted to meet up with the CS, presumably to talk about selling cocaine to the CS.

4. On September 10, 2015, under the direction and supervision of the DEA, the CS met NICHOLAS at the Hard Rock Café and Casino, Tampa, FL. During the meeting NICHOLAS agreed to sell the CS cocaine. NICHOLAS was not firm on the price, but told the CS that it would cost approximately $39,000.00 per kilogram of cocaine.

5. On September 16, 2015, DEA conducted an operation to purchase approximately four ounces of cocaine from NICHOLAS and NICHOLAS' Source of Supply (SOS), later identified to be Richard Earl CALLINS. On the same date, the CS contacted NICHOLAS regarding the purchase of four ounces of cocaine. NICHOLAS instructed the CS to pick him up at NICHOLAS' residence (Location 1). The CS drove to Location 1, where the CS met NICHOLAS. NICHOLAS got into the CS' vehicle and directed the CS to drive to the Applebee's located at 829 Providence Road, Brandon, FL.

6. After the CS and NICHOLAS arrived at the Applebee's parking lot, they were met by Richard Earl CALLINS, who arrived at the Applebee's in a White Ford Escape. After arriving at the Applebee's, CALLINS got into the CS' vehicle. CALLINS brought four-and-a-half ounces of cocaine to sell to the CS. However the CS only had enough money to purchase four ounces of cocaine. CALLINS told the CS to follow him and then CALLINS exited the CS' vehicle and got back into the White Ford Escape. CALLINS departed the Applebee's parking lot and the CS and NICHOLAS followed, in the CS' vehicle, CALLINS to Heather Lakes Park, located at 1850 Windingwood Avenue, Brandon, FL. At the park, CALLINS exited his vehicle and again went into the CS' car where CALLINS called CALLINS' girlfriend to bring him a set of scales to the park.

7. Shortly thereafter, CALLINS got out of the CS' vehicle and was met by Person 1, driving a tan Mercury, FL license plate number CGS-W54. Then, CALLINS entered the CS' vehicle and sat in the rear passenger seat on the driver side of the vehicle. CALLINS then used a scale to weigh 14 grams of cocaine, which CALLINS

took from the bag of cocaine. CALLINS then handed the CS approximately four ounces of cocaine, contained in a clear plastic bag, in exchange for $4,800.00 United States Currency. CALLINS told the CS that the CS owed CALLINS $100 dollars, since the cost was $4,900 dollars for the four ounces of cocaine. Subsequently, CALLINS exited the CS' vehicle taking with him a half ounce of cocaine and the $4,800 dollars.

8. After the narcotics transaction agents followed CALLINS to CALLINS' residence at Location 2 in Brandon, FL.

9. On October 8, 2015, an operation to purchase a half-kilogram of cocaine from CALLINS and NICHOLAS was conducted by agents of the DEA. The CS contacted NICHOLAS who advised the CS that his SOS, CALLINS, was ready. NICHOLAS instructed the CS to go to NICHOLAS' residence. The CS drove to Location 1 and met with NICHOLAS. While at NICHOLAS' residence, NICHOLAS placed a call to CALLINS from NICHOLAS' telephone. During the phone call, NICHOLAS gave the telephone to the CS and CALLINS informed the CS that the price for a half-kilogram of cocaine would be $21,000.00. Subsequently, both the CS and NICHOLAS departed the residence – the CS driving his/her vehicle and NICHOLAS in a Black Ford Focus. The CS followed NICHOLAS to the North Parsons Plaza, where they waited for CALLINS to arrive.

10. Shortly thereafter, CALLINS contacted NICHOLAS via telephone. NICHOLAS then advised the CS that they were at the wrong location. NICHOLAS then departed the North Parsons Plaza in his vehicle and returned to the Plaza with CALLINS, who was seated in the front passenger seat of NICHOLAS' vehicle. The CS got out of his/her vehicle and then walked to Black Ford Focus, which NICHOLAS and

CALLINS were occupying, and entered the vehicle. Inside the vehicle the CS saw CALLINS with a plastic bag containing a white colored substance, which was approximately one half-kilogram of cocaine. CALLINS handed the bag of cocaine to the CS. CALLINS told the CS that "it" (the cocaine) cooks excellent if you are a chef. Subsequently, the CS exited the vehicle and DEA agents arrested both CALLINS and NICHOLAS. A field presumptive test was conducted on the white colored substance and the results were positive for the presence of cocaine.

11. Both NICHOLAS and CALLINS were read Miranda Warning and both agreed to speak with agents. Post-Miranda, NICHOLAS admitted to agents that he conducted both cocaine transactions with the CS and CALLINS, which occurred on September ~~9,~~ 16 2015 and October 10, 2015. Also, post-Miranda, CALLINS admitted to agents that he had delivered approximately half a kilogram of cocaine to the CS.

12. Based upon the information contained in this affidavit, your Affiant submits that there is probable cause to believe that Lloyd Greg NICHOLAS and Richard Earl CALLINS conspired to distribute and to possess with intent to distribute 500 grams or more of ~~methamphetamine~~ Cocaine, a Schedule II controlled substance, contrary to 21 U.S.C. §

841(a), all in violation of 21 U.S.C. §§ 846 and 841(a)(1)(B)(viii).

FURTHER AFFIANT SAYETH NAUGHT.

______________________________
Morris B. Moody, Jr., Special Agent
Drug Enforcement Administration

Subscribed and sworn before me
This 09 day of October, 2015

______________________________
ANTHONY E. PORCELLI
United States Magistrate Judge